PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DUETSCHE BANK NATIONAL TRUST COMPANY, *etc.*, | ) ) ) | CASE NO. 5:11CV0521 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| KENNETH S. TAYLOR, *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

This action, originally filed in the Summit County, Ohio Common Pleas Court, was removed by Defendants Kenneth S. Taylor and Alycia Taylor-Driggins under the Class Action Fairness Act of 2005, Federal Question Jurisdiction, 28 U.S.C. § 1331. ECF No. 1. In their Notice of Removal, Defendants also premise jurisdiction on diversity of citizenship, 28 U.S.C. § 1332.[1] This matter is now before the Court upon Plaintiff's Motion to Remand (ECF No. 5) and Defendants' Motion to Stay (ECF No. 4).

### I. Motion to Remand

**A. Removal due to Federal Jurisdiction *via* Diversity of Citizenship, 28 U.S.C. § 1332**

Generally, a defendant may remove a state court action to federal court based on diversity of citizenship. 28 U.S.C. § 1441(a). Statutory removal pursuant to 28 U.S.C. § 1441(a), however, is only permissible if none of the defendants is a citizen of the state in which the action is brought.

---

[1] The Court notes that Defendants failed to file a copy of all pleadings and orders, including the state court complaint, served upon them as required by 28 U.S.C. § 1446(a).

(5:11CV0521)

In the instant matter, removal cannot be premised on diversity of citizenship because Defendants reside in Twinsburg, Ohio, and the action was brought in Summit County. ECF No. 1.

> Further, 28 U.S.C. § 1446(b) provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*. (Emphasis added.)

The Summit County Common Pleas Court Docket shows that a foreclosure action was filed on November 30, 2007, *Deutsche Bank National Trust v. Taylor*, Case No. CV-11-8364. ECF No. 1-2. It is not clear when Defendants were served. Given that they filed a Motion to Dismiss on January 15, 2008, it is fair to assume that Defendants were aware of the foreclosure action by that date. Despite being aware of the case in January of 2008, Defendants did not remove it to federal court until over three years later. ECF No. 1. Defendants' Notice of Removal was unquestionably filed more than thirty (30) days after service (or other notice of the lawsuit) and more than a year after commencement of the case. *See* ECF No. 5-1 at 4. Defendants removal is untimely.

### B. Removal due to Diversity under Class Action Fairness Act ("CAFA")

Defendants assert a class action in their counterclaim. ECF No. 1-1 at 6-11. The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), in conjunction with 28 U.S.C. §1453, allows

(5:11CV0521)

removal of a diversity case after one year has expired without regard to whether any defendant is a citizen of the State in which the action is brought. "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court." S.Rep.No. 109-14, at 4 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3,5. Under CAFA, federal courts have original jurisdiction to hear class action lawsuits when the putative plaintiff class numbers one hundred (100) or more, there is minimal diversity (any member of the plaintiff class is a citizen of a different state from any defendant), and more than five million dollars is in controversy. 28 U.S.C. § 1332(d)(2), (11)(B)(i).

      The party removing the action has the burden of proving by a preponderance of the evidence that the diversity and amount in controversy requirements have been met. *Carter v. Pikeville Medical Center, Inc.*, 2010 WL 4483968, *1 (E.D.Ky., Nov, 1 2010) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 404-05 (6th Cir. 2007)) ("28 U.S.C. § 1332 was amended by CAFA to provide, in pertinent part, that '[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.'"). Defendants have not shown by a preponderance of the evidence that the matter in controversy exceeds the jurisdictional sum or value of $5,000,000.00. Rather, in contravention of this jurisdictional amount, the Notice of Removal declares that damages exceed $75,000.00. ECF No. 1 at 1. And, Defendants assert that Plaintiff should pay $100,000.00 and

(5:11CV0521)

requests $84,000.00 pertaining to the note they signed.[2] ECF Nos. 1 at 2 and 1-1, ¶ 17. Therefore, Defendants have failed to establish that the Court has federal jurisdiction under CAFA's diversity rules.

### C. Removal due to Jurisdiction Conferred by a Counterclaim

Defendants' Counterclaim includes federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. ECF No. 1-1 at 8. Defendants cannot premise removal based on a federal question raised in their Counterclaim. ECF No. 1-1. Under the "well pleaded complaint" rule, a case arises under federal law, only when a federal question appears on the face of the plaintiff's complaint. *Deutsche Bank National Trust Co. v. Pinkard*, 2008 WL 5062842 * 1 -2 (E.D.Mich., Nov. 25, 2008) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). A counterclaim raising a federal question cannot confer federal jurisdiction. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 914-15 (6th Cir. 2007); s*ee Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' [federal question] jurisdiction."). The Plaintiff's State Court Complaint contained only state law. In *Capital One Bank v. Findish*, 2007 WL 3352337, *1 (N.D. Ohio, Nov. 8, 2007), the defendant removed the action premised on a counterclaim in which she alleged violations of the Fair Debt Collection Practices Act, 15 U.S .C. § 1692 *et seq*. The Court held that removal must be premised upon the claims asserted on the face of the state court complaint to be removed, and cannot be based upon the

---

[2] Further, Defendants' Counterclaim also does not establish that the purported class includes one hundred (100) members.

(5:11CV0521)

assertion of claims appearing in a counterclaim, no matter how related to or otherwise intertwined with the matters asserted in the original complaint. *Capital One Bank*, 2007 WL 3352337 at *1. Defendants' Counterclaim raising a federal question does not confer federal jurisdiction

## II. Motion to Stay

Defendants have filed a Motion to Stay pending appeal of their state action in the State Court of Appeals, the Supreme Court of Ohio, and the Sixth Circuit Court of Appeals. ECF No. 4. Defendants argue that the state foreclosure action was illegal because Plaintiff's do not have standing or an enforceable right to enforce the promissory note. ECF No. 4 at 7. Defendants also assert that the state court judge was biased, and that the Court has the authority to grant relief under 28 U.S.C. § 1655 entitled Lien Enforcement; absent defendants. ECF No. 4 at 3, 8. Because the Motion to Remand will be granted, the Court has no authority to grant a stay. The motion to stay is moot.

## III. Conclusion

Based on the foregoing reasons, Plaintiff's Motion to Remand is granted. Defendants' Motion to Stay is denied. The action is hereby remanded to the Court of Common Pleas of Summit County, Ohio.

IT IS SO ORDERED.

| | |
|---|---|
| April 12, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |